**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-00676-CMA-NRN

SUSAN CLEVELAND,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on three motions: (1) Defendant's Motion for Summary Judgment (Doc. # 37); (2) Plaintiff's Amended Motion for Stay (Doc. # 40); and (3) Plaintiff's Motion for Partial Summary Judgment (Doc. # 43). For the following reasons, Defendant's Motion for Summary Judgment is granted; Plaintiff's Motions are denied.

## I.      BACKGROUND

This is an underinsured motorist (UIM) case. Plaintiff, Susan Cleveland, alleges that she was injured in a car accident involving an underinsured driver. (Doc. # 5, ¶¶ 4-31). Cleveland is now suing her auto-insurance carrier, Auto-Owners Insurance Company ("Auto-Owners"), for UIM benefits. (Doc. # 5, ¶¶ 32-37). Her Complaint asserts a single cause of action: breach of contract. (Doc. # 5).

1

Both parties now seek summary judgment. Auto-Owners argues that Cleveland cannot prove an essential element of her breach-of-contract claim, namely, that she performed her obligations under the insurance policy. (Doc. # 37). Cleveland argues that a portion of her UIM policy – the Exhaustion Clause – violates Colorado law and is therefore void. (Doc. # 43). The Court agrees with Auto-Owners and finds that Cleveland's argument is therefore moot.

## II.      **LEGAL STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). However, "a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Rather, the movant can meet its burden "simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id*.

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy this burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of

fact could find for the nonmoving party." *Adler*, 144 F.3d at 671 (internal quotation omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id*. Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III.   ANALYSIS

Cleveland asserts a single claim against Auto-Owners: breach of contract. (Doc. # 5). To succeed on a claim for breach of contract, the plaintiff must prove "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Auto-Owners argues that Cleveland's claim fails at the second element: performance by the plaintiff. (Doc. # 37, p. 12). Auto-Owners contends that "Ms. Cleveland cannot prove . . . that she performed the contract" – i.e., her insurance policy – because she has failed to present evidence that she satisfied the terms of the policy's cooperation clause. (Doc. 37, p. 12). The Court agrees.

Cleveland's insurance policy includes a "cooperation clause" – a provision that requires Cleveland to "cooperate with [Auto-Owners] in the investigation, settlement or defense of any claim or suit." (Doc. # 37, ¶ 2). The clause requires Cleveland to "give [Auto-Owners] written notice and documentation of the loss," to "authorize [Auto-

Owners] to obtain medical reports and other pertinent records," and to provide Auto-Owners with "copies of legal papers if suit is brought against any person believed to be legally responsible." (Doc. # 37, ¶ 2). The policy states that a failure to comply with these provisions "shall invalidate the coverage provided by this policy." (Doc. # 37, ¶ 2).

Auto-Owners has met its burden to show both the absence of a factual dispute and that it is entitled to judgment as a matter of law. Specifically, Auto-Owners has shown that it was notified of a potential UIM claim by Cleveland's attorney on November 3, 2016 (Doc. # 37, ¶ 3). Between March 17, 2017 and March 8, 2019, Auto-Owners sent Cleveland seventeen letters requesting information and documentation pertaining to her UIM claim, which she was required to provide under the terms of her policy. (Doc. # 37, ¶¶ 4-7, 9-10, 12-13, 15-20, 22-24). Though Cleveland provided some medical records in October 2017, she otherwise failed to respond to Auto-Owners' requests and failed to provide information about a lawsuit she filed against the at-fault driver, in violation of the cooperation clause. (Doc. # 37, ¶¶ 26, 28, 29). These facts are sufficient to demonstrate "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. Specifically, these facts make "a prima facie demonstration" that Cleveland failed to comply with the cooperation clause of her insurance policy, and that she will therefore be unable to prove the second element of her breach-of-contract claim. *Id*. Thus, the burden shifts to Cleveland to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. She has failed to meet this burden.

Rather than respond to Auto-Owners' position, Cleveland filed a Motion for Stay under F.R.C.P. 56(d). (Doc. # 40). Cleveland argues that she "needs the opportunity to complete the baseline discovery agreed to in the Scheduling order, which includes the Rule 30(b)(6) deposition of Auto-Owners," before she will "be able to file a response to Defendant's motion." (Doc. # 40, p. 3). This argument fails.

Rule 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to . . . take discovery[.]" F.R.C.P. 56(d)(2). "The general principle of [Rule 56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson* 477 U.S. at 250 n. 5). However, Rule 56(d) "does not operate automatically." *Id*. "Its protections must be invoked and can be applied only if a party satisfies certain elements." *Id*. Specifically, a party seeking to invoke Rule 56(d) must "explain why facts precluding summary judgment cannot be presented," identify "probable facts not available and what steps have been taken to obtain these facts" and "explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Id*. Cleveland has failed to meet this burden.

Cleveland offers no acceptable reason why "facts precluding summary judgment cannot be presented." *Price ex rel. Price*. 232 F. 3d at 783. The sole basis for Auto-Owners' Motion is that Cleveland "cannot prove . . . that she performed the contract or that there is some justification for nonperformance." (Doc. # 37, p. 12). Cleveland needs

no discovery to respond to this claim: Cleveland should know what steps she took to comply with the policy or what excuse she has for nonperformance. The Court finds no reasons – and Cleveland offers none – why she would need to conduct discovery before she can provide that information.

Further, even if Cleveland could show that discovery was necessary to her response, the record shows that the relevant discovery is now complete. According to Cleveland's most recent status report, the 30(b)(6) deposition of Auto-Owners took place in May of this year – nearly five months ago. (Doc. # 53). In fact, the parties stipulated that all discovery would be completed earlier this month. (Doc. # 53). Thus, Cleveland should now have access to all the information she needs to respond to Auto-Owners' summary-judgment motion. To date, however, she has made no effort to respond substantively to Auto-Owners' arguments. "If a party fails . . . to properly address another party's assertion of fact," the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials . . .  show that the movant is entitled to it[.]" F.R.C.P. 56(e). Because Plaintiff has failed to respond to Auto-Owners' factual assertions, and because the summary-judgment motion and supporting materials support Auto-Owners' position with respect to summary judgment, the Court concludes that Auto-Owners has demonstrated that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Therefore, Auto-Owners' summary-judgment motion is granted.

Cleveland has also filed her own summary judgment motion in this case, seeking a declaration that a separate provision of her insurance policy – the exhaustion clause –

is void under Colorado law. (Doc. # 43). However, because Cleveland cannot prevail on her sole cause of action in this case, her lawsuit cannot go forward, and her Motion for Partial Summary Judgment is now moot. Therefore, Cleveland's Motion for Partial Summary Judgment is denied.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 37) is GRANTED; Plaintiff's Motion for Stay (Doc. # 40) is DENIED, and Plaintiff's Motion for Partial Summary Judgment (Doc. # 43) is DENIED AS MOOT.

The Clerk is directed to enter judgment in favor of Defendant Auto-Owners Insurance Company and against Plaintiff Susan Cleveland.

DATED: September 23, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge